UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH CAIAZZA, on his own
behalf and those similarly situated,

    Plaintiff,                                                   CASE NO.:

LEE COUNTY SHERIFF'S OFFICE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH CAIAZZA ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, LEE COUNTY SHERIFF'S OFFICE ("LEE COUNTY"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Lee County, Florida.

4. At all times material hereto "LEE COUNTY" was, and continues to be a "public

agency" subject to the coverage of the FLSA 29 U.S.C. §203(5)(1)(c).

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA because he performed work for a covered public agency.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, "LEE COUNTY" was, and continues to be an "employer" within the meaning of FLSA.

8. At all times material hereto, "LEE COUNTY" was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

9. At all times Plaintiff was employed by "LEE COUNTY", a public agency within the meaning of the FLSA.

10. The additional persons who may become plaintiffs in this action are non-exempt "Road Deputy" employees, who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for all hours worked in excess of forty (40) hours.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

12. On or about June 12, 2012, Defendant hired Plaintiff to work as a non-exempt "Road Deputy."

13. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

14. From at least June 12, 2012 and continuing to June 7, 2018, Defendant failed to

compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.  Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

15. Defendant has violated Title 29 U.S.C. §207 from at least June 12, 2012 and continuing through June 7, 2018, in that:

   a. Plaintiff worked in excess of forty (40) hours per work week for the period of employment with Defendant;

   b. No payments, or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant has failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

16. Plaintiff realleges and reavers paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. From at least June 12, 2012 and continuing through June 7, 2018, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

18. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

19. At all times material hereto, Defendant failed, and continues to fail, to maintain

proper time records as mandated by the FLSA.

20. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

21. Defendant has failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

22. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

23. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

24. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per work week;

    c.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.      Awarding Plaintiff pre-judgment and post judgment interest; and

    f.      Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: November 27, 2018                        Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
FL Bar No.: 027777
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Tel: 954 WORKERS; F: 954-327-3013
Email: AFrisch@forthepeople.com

*Trial Counsel for Plaintiffs*