UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH CAIAZZA, on his own
behalf and those similarly situated

       Plaintiff,

v.                                                                  Case No.: 2:18-cv-784-FtM-38MRM

CARMINE MARCENO,

       Defendant.

                                   /

## ORDER[1]

Before the Court is Plaintiff Joseph Caiazza's Motion for Reconsideration (Doc. 74) and Defendant Carmine Marceno's response in opposition (Doc. 78). Caiazza wants reconsideration of the Court's Order granting and denying summary judgment in part (the "Order") (Doc. 72). The Motion is denied.

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (citation omitted). Courts generally recognize three bases for reconsidering an

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.* "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.,* 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). And district courts have discretion to grant reconsideration. *Drago v. Jenne,* 453 F.3d 1301, 1305 (11th Cir. 2006).

Caiazza contends reconsideration is necessary to correct clear error and prevent manifest injustice. Mostly, Caiazza relies on two affidavits and a job description, which the Order addressed. In doing so, the Court explained why that evidence didn't create a genuine dispute because it did not speak to Marceno's policy for responses within one hour. Now, Caiazza argues that was error.

First, he claims the Court misunderstood the word "immediately" in two affidavits and did not construe those documents most favorable to Caiazza. Yet that term was not Caiazza's problem. The issue was those affidavits were vague and unsupported on Marceno's response time policy. Where relevant, Caiazza's affidavit follows:

> My activities were severely restricted because I had to be available to immediately respond to all calls at any time, in order to provide back-up to the only other deputy on duty, or to respond to a call myself to

the extent the other deputy was already busy
responding to another call.

(Doc. 58-1 at 3); *see also* (Doc. 58-2 at 3).  That sentence says nothing about

Marceno's policy on response times.  Instead, counsel provides an after-the-fact

argument that Caiazza really intended that statement to rebut the evidence of

a one-hour response time.  But that cannot be reasonably inferred from what

the affidavit said.  What is more, Caiazza's affidavit clarified, "Each call took,

on average, 30 minutes to respond to." (Doc. 58-1 at 4).  Again, this statement

does not speak to Marceno's policy.  Yet at best, the affidavit reflected a thirty-

minute response time (not an immediate one).  Likewise—as the Order

stated—the job description does not provide insight on Marceno's response-

time policy.  "Summary judgment is not a time to be coy: 'conclusory statements

not grounded in specific facts' are not enough." *Sommerfield v. City of Chicago,*

*863 F.3d 645, 649 (7th Cir. 2017)* (alteration accepted and citation omitted).  If

Marceno had a policy of a response time less than an hour, Caiazza should

have offered evidence of it through testimony, affidavit, or some other way.

Second, Caiazza claims the Court misunderstood call logs, which created

at least a genuine issue of material fact on response times.  It unclear how the

Court could have misunderstood this evidence because Caiazza never made

that argument at summary judgment.  Even so, if anything (like Marceno says)

3

these documents show Caiazza's actual response times, not the response time Marceno required.

Finally, Caiazza seeks reconsideration of the Order for the overtime hours he worked.  This argument is meritless.  As explained in the Order, the parties genuinely dispute whether Caiazza worked overtime and Marceno's knowledge of those hours.

For those reasons, the Court denies reconsideration.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. 74) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 2, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record