UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH CAIAZZA, on his own
behalf and those similarly situated

    Plaintiff,

v.                                                 Case No.: 2:18-cv-784-FtM-38MRM

CARMINE MARCENO,

    Defendant.
_____/

# **ORDER**[1]

Before the Court is Defendant Carmine Marceno's Motion in Limine (Doc. 88) and Plaintiff Joseph Caiazza's response in opposition (Doc. 94). Also here is Caiazza's Motion in Limine (Doc. 91) and Marceno's response (Doc. 93).

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Id.* (cleaned up).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Both sides move to exclude several types of evidence. The Court takes each in turn.

**A. Marceno's Motion**

This Motion addresses four categories of evidence.

*1. 40-Hour Workweek*

Marceno tries to preclude Caiazza from offering evidence he worked a schedule of forty hours each week under the principle of judicial estoppel. Essentially, Marceno wants the Court to decide it made a showing on the FLSA's 207(k) exemption through a motion in limine. At this point, the Court cannot do so. Marceno raised this issue both in the Answer and in the statement of facts during summary judgment briefing. In response, in the statement of facts, Caiazza disputed whether that exemption applied. But neither party sought summary judgment on that issue, so the Court never decided it. At this point, Caiazza is correct the matter must now proceed to trial. See *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 805 (11th Cir. 1992). Marceno may move for judgment as a matter of law at the close of evidence. See *id.* at 806. Until that time, however, the Court cannot resolve the issue through a motion in limine. And while Marceno notes several inconsistencies in Caiazza's position on overtime hours, as described below the Court concludes the proper remedy is to allow the jury to resolve those discrepancies. See *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648 (11th Cir. 2019) ("We want parties

to challenge the authenticity and credibility of their adversaries. To instead apply estoppel under the circumstances presented here would be to allow inconsistencies to swallow up potentially meritorious claims and dissuade the adversary process."). So the Motion is denied in part.

2. *On-Call Wait Time*

Marceno moves to exclude evidence and testimony related to Caiazza's dismissed claims for on-call wait time. The Court agrees in part. At summary judgment, the Court held Caiazza's on-call wait time was not compensable under the FLSA. (Doc. 72 at 4-12). Many facts related to those claims are irrelevant to what is still in dispute. *See DeBoze v. S. Fla. Bd. of Trs.*, No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919981, at *2-3 (M.D. Fla. Sept. 9, 2018) (excluding evidence related to claims dismissed at summary judgment). However—without deciding the issue—the Court notes dismissed and active claims may share underlying facts. *Id.* at *3. In that situation, perhaps "the underlying *facts* themselves may be admissible" as relevant on issues submitted to the jury. *Id.* So the Motion is granted in part, but subject to reconsideration at trial if facts related to Caiazza's on-call wait time become relevant.

3. *Personal Timesheets*

Marceno seeks to exclude timesheets Caiazza kept during his employment. The Court disagrees. These timesheets are hearsay. But as

suggested at summary judgment, the records likely fall within the recorded recollection hearsay exception. Fed. R. Evid. 803(5). Caiazza is prepared to testify about overtime hours with the timesheets to aid his recollection. And Caiazza kept the records throughout his employment when the information was fresh in his mind. While Marceno challenges the documents' reliability, that is a matter for cross examination—not a motion in limine. What's more, Marceno's prejudice challenge to the records for manipulation to look authentic fails. By rule, Caiazza can only read these timesheets into evidence. Fed. R. Evid. 803(5). So unless Marceno himself offers them, the jury will neither see them nor be swayed by feigning of an official impression. Thus, the Motion is denied in part. If, however, Marceno objects to whether Caiazza laid the proper predicate for this exception, he can renew this motion at trial outside the presence of the jury.

   *4. Statute of Limitations*

Finally, Marceno asks the Court to limit evidence of overtime hours to the relevant period given the statute of limitations. The Court agrees in part. Any evidence of unpaid overtime outside the limitations period is irrelevant to whether Caiazza was owed overtime during that time. Because, however, Caiazza pursues a theory of willful violations, a three-year period applies. 29 U.S.C. § 255(a). The parties appear to agree the relevant period for a willful violation is November 27, 2015 to June 30, 2018. So the Motion is granted in

part as to that period. That said, if evidence from outside the limitations period becomes relevant, Caiazza may move for reconsideration outside the presence of the jury.

Relatedly, Marceno also seeks to exclude the testimony of Vicky George. Caiazza contends Marceno did not confer on the Motion over this testimony. Based on his representations to the Court supported by a conferral e-mail, the Court agrees with Caiazza. So the Motion is denied in part without prejudice for violating Local Rule 3.01(g). At the Final Pretrial Conference, Marceno can renew his effort to exclude this evidence and the Court will hear argument then.

For those reasons, Marceno's Motion is granted and denied in part.

## B. Caiazza's Motion

This Motion addresses five categories of evidence.

*1. Other Employees' Overtime*

Caiazza seeks to exclude evidence of overtime Marceno paid to other employees. The Court disagrees. As described above, willfulness of FLSA violations is a disputed jury issue. And whether Marceno paid overtime to other employees (particularly Lusk) is relevant to whether Marceno knowingly, or with reckless disregard, failed to pay overtime to Caiazza. What's more, Caiazza contends Marceno had a policy preventing employees from reporting overtime. The experience of other employees who would be

5

subject to such a policy is obviously relevant to whether such a policy exists. So the Motion is denied in part. Even so, Caiazza is free to request a limiting instruction related to this evidence, which the Court would consider separately.

### 2. *Personal Relationship*

Caiazza seeks to exclude mention of an alleged personal relationship because that evidence is irrelevant and prejudicial. The Court agrees without further discussion. And the Motion is granted

### 3. *Prior Versions of Initial Disclosures*

Caiazza seeks to exclude any version of his Rule 26 initial disclosures besides the most recent one. After several supplements, Caiazza served five total versions of this discovery. Two (served on June 24, 2019, and March 13, 2020) occurred before summary judgment. Three (served on November 13, 17, and 23, 2020) took place afterward. This is relevant because the first two included calculations for damages dismissed at summary judgment.

Caiazza points out he did not sign any disclosures except that last one. But that is not determinative—his lawyer signed them. Rule 26 demands that a party or (if represented) counsel sign initial disclosures. Fed. R. Civ. P. 26(g)(1) ("Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented.").

6

Even if counsel's signing of a discovery response were not enough to hold a party to those representations, Caiazza specifically testified that he helped prepare at least the first version. (Doc. 47 at 29-30). Moreover, the facts here militate against exclusion of each version.

For the initial disclosures from June 24 and March 13 the Motion is granted in part. Caiazza (or counsel) prepared those disclosures before the summary judgment Order. Thus, they contemplated many unpaid overtime hours the Court later dismissed and need not be introduced.

As to the other three versions, however, the Court denies the Motion in part. After summary judgment, the claimed overtime hours should have gone down. At first, they did. (Doc. 91-2 at 9-11). Then—on November 17—they almost doubled from 234 to 428.5. (Doc. 91-2 at 13-15). Caiazza says this was because the hours were "culled from the wrong data." (Doc. 91 at 6). But this isn't a simple rounding hiccup. The difference is almost 200 overtime hours. What's more, the November 17 disclosure says it is "[b]ased on records that Plaintiff maintained of the hours that he worked." (Doc. 91-2 at 15). So that damages calculation relies on the personal timesheets Caiazza intends to introduce. And the reliability of those records is crucial for the jury to weigh. Finally, Caiazza served these disclosures along with other discovery addressed below. The inconsistencies in these documents is something the jury must be allowed to consider. For example, the November 23 disclosure says Caiazza

7

worked "428.5 uncompensated overtime hours." (Doc. 91-2 at 19). Yet interrogatories served on Marceno that same day reflect 692.45 "Overtime Hours Owed." (Doc. 88-1 at 4-9). In short, the hours Caiazza is claiming at this point is unclear. And those inconsistencies are relevant on the issues the jury must decide.

As for prejudice, the Court cannot conclude any danger substantially outweighs the probative value based on the conclusory argument that Caiazza should not need to explain the inconsistency at trial because "Damages calculations are complicated." (Doc. 91 at 8).

*4. Previous Versions of Interrogatories*

Caiazza wants to exclude past versions of his interrogatory answers on damages. As noted, these are like the initial disclosures. One interrogatory response (served on July 31, 2019) came before summary judgment. The next three (served on November 13, 17, and 23, 2020) came after. Like above, the Motion is granted in part on pre-summary judgment response but denied in part for the three post-summary judgment responses.

Much like the initial disclosures, Caiazza's asserted overtime hours in the interrogatories changed wildly in November. They jumped from 234 to 428.5 to 692.45 in less than two weeks. Counsel says these discrepancies stemmed from "an incorrect equation" and not crediting Marceno "for the overtime hours that Plaintiff was paid." (Doc. 91 at 9). The difference between

8

these interrogatory answers is astonishing though. Between the November 17 and 23 versions, Caiazza apparently found about 270 more hours of "Overtime Hours Owed." (Doc. 88-1 at 4). Yet the amount of claimed damages somehow went *down* by $6,000. *Compare* (Doc. 88-1 at 9), *with* (Doc. 88-3 at 8). The explanation offered for this is that previous calculations "did not include credit for the overtime hours that Plaintiff was paid." (Doc. 91 at 9). But this seems to suggest Marceno paid Caiazza for hundreds of overtime hours. That would no doubt be relevant to whether Marceno had a de facto policy preventing overtime. If that is the case, this is an inconsistency that the Court will not exclude from evidence. The jury will need to decide whether Caiazza worked unpaid overtime and (if so) a reasonable estimate on the number of hours. The reliability of his ever-shifting estimates is relevant to those questions.

While Caiazza argues he never signed this discovery, that was his failure to follow Rule 33. All Rule 33 interrogatory answers "must, to the extent it is not objected to, be answered separately and fully in writing under oath" and signed by the "person who makes the answers." Fed. R. Civ. P. 33(b)(3), (5). The fact Caiazza verified his interrogatory answers served on July 31 and November 23 but failed to verify the two supplements provided in between does not excuse those inconsistent statements. Nor should he receive the windfall of hiding those inconsistent statements for failing to sign the documents as required. In the end, these were Caiazza's answers to interrogatories, even if

counsel prepared the responses and failed to secure his signature. So Caiazza's you-can't-use-my-words-against-me-because-I-didn't-follow-the-rules argument falls flat.

5. *FLSA Interrogatories*

Finally, Caiazza seeks to exclude his previous answers to the Court's interrogatories. The Motion is granted in part as Caiazza filed these answers before summary judgment. The Court notes the supplemental FLSA interrogatory answers reflect 692.45 of "Overtime Hours Owed." (Doc. 87-1 at 3-8). Again, this figure is inconsistent with all Caiazza's initial disclosures, buttressing the need for the jury to resolve the discrepancy.

For those reasons, Caiazza's Motion is granted and denied in part.

Accordingly, it is now **ORDERED:**

(1) Defendant's Motion in Limine (Doc. 88) is **GRANTED and DENIED in part** as described above.

(2) Plaintiff's Motion in Limine (Doc. 91) is **GRANTED and DENIED in part** as described above.

**DONE** and **ORDERED** in Fort Myers, Florida on December 10, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

10