UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH CAIAZZA, on his own
behalf and those similarly situated

       Plaintiff,

v.                              Case No.: 2:18-cv-784-FtM-38MRM

CARMINE MARCENO,

       Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Carmine Marceno's oral Motion for Judgment as a Matter of Law on his 29 U.S.C. § 207(k) defense. Marceno contends he established a work period of fourteen days for police officers. The Court grants the motion.

## LEGAL STANDARD

Rule 50 governs motions for judgment as a matter of law made at the close of evidence or renewed after a jury verdict. *Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007). The "proper analysis is squarely and narrowly focused on the sufficiency of evidence." *Id.* And "a court should

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir. 2004). In doing so, courts view "all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party." *Id.* at 1192-93.

## DISCUSSION

"Typically, employees are paid overtime when they work more than forty hours in a workweek." *Watkins v. City of Montgomery, Ala.*, 775 F.3d 1280, 1283 (11th Cir. 2014). There is, however, a partial exemption for "any employee in law enforcement activities." 29 U.S.C. § 207(k). For those employees, the employer may set a work period between seven and twenty-eight days and require the employee to work longer than forty hours before paying overtime. *Id.*; *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 804 (11th Cir. 1992). Relevant here, "a public employer does not owe overtime to an employee engaged in law enforcement activities until he works more than 86 hours per two-week period." *Cremeens v. City of Montgomery*, 602 F.3d 1224, 1227 (11th Cir. 2010).

A 207(k) exemption is a defense the defendant must prove "by clear and affirmative evidence." *Birdwell*, 970 F.2d at 805. This is a jury question. *Id.* But judgment as a matter of law is proper on the issue in the right cases. *Id.* at 806. This is one of those cases.

At summary judgment, the parties disputed the applicability of § 207(k) in their statement of material facts.  But neither sought a ruling on the issue.  This should never have been in dispute.  The evidence for Marceno creating a seven-day work period is nonexistent.  Conversely, the evidence of Marceno creating a fourteen-day work period is overwhelming.  First, Caiazza was a law enforcement officer.  Second, Marceno's written policy establishes a fourteen-day period.  Third, Marceno scheduled Caiazza to work in two-week increments, with seven-day "A" and "B" shifts.  And fourth, every single week for the three-year relevant period, Marceno tracked and paid overtime based on a fourteen-day work period.[2]  In short, the jury does not have a sufficient evidentiary basis to find against Marceno on this issue, so he is entitled to judgment as a matter of law on it.

Caiazza contends Marceno did not raise this defense, mostly saying the Answer did not raise it.  Yet Marceno pled just that.  While the Answer did not use the phrase "§ 207(k) exemption," three parts (including an affirmative defense) asserted a properly calculated § 207(k) defense.  Even if that was insufficient, the § 207(k) defense is not technically an affirmative defense that defendant must allege in an answer.  *Huff v. DeKalb Cnty., Ga.*, 516 F.3d 1273, 1278 n.5 (11th Cir. 2008) ("Defendants properly raised the § 207(k) argument

---

[2] The Court recognizes that work periods and pay periods "need not coincide."  *Birdwell*, 970 F.2d at 806 (quoting 29 C.F.R. § 553.224(a)).  Still, they do here.

at the summary judgment stage and were not required to do so in their answer."). What's more, Marceno referenced the defense or its calculation in, at a minimum, the Answer, interrogatories, deposition, summary judgment briefing, and Final Pretrial Statement. In other words, Caiazza had more than enough notice Marceno intended to rely on this defense. So for the reasons stated on the record at the trial and the reasons stated above, the Court grants judgment as a matter of law on Marceno's § 207(k) defense.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Judgment as a Matter of Law on his 29 U.S.C. § 207(k) defense is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record