UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH CAIAZZA,

       Plaintiff,                                    Case No. 2:18-cv-00784-SPC-MRM

v.

CARMINE MARCENO, in his Official
Capacity as Sheriff of Lee County, Florida,

       Defendant.

_____/

## PLAINTIFF'S MOTION FOR REASONABLE ATTORNEY'S FEES AND COSTS/EXPENSES AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Joseph Caiazza ("Plaintiff"), by and through the undersigned counsel hereby moves for an award of reasonable attorneys' fees and costs against Defendant, Carmine Marceno, in his official capacity as Sherriff of Lee County, Florida ("Defendant"), and in support thereof states as follows:

### SUMMARY OF THE ARGUMENT

Plaintiff is the prevailing party in this matter because, as a result of the prosecution of his lawsuit, he obtained a jury verdict and judgment in his favor for overtime wages he sought at trial, as well as an equal amount in liquidated damages.

Of importance to the foregoing and the necessity of this Motion, is that this is not a case where Defendant simply tendered payment either prior to or upon filing of the lawsuit. Much to the contrary, Defendant ignored or rebuffed Plaintiff's good faith efforts to resolve this case pre-trial, and insisted that the case be resolved by jury trial. As a result, Plaintiff incurred substantial attorneys' fees and costs to vindicate his right to overtime pay and liquidated damages.

For these reasons, Plaintiff is entitled to an award of his reasonable attorneys' fees and reimbursement of costs/expenses in this case, in the amount of **$166,885.10**.

## STATEMENT OF FACTS

1.      On November 27, 2020, Plaintiff filed his lawsuit against the Lee County Sherriff's Office for unpaid overtime wages, attorney's fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").  *See* D.E. 1.  On January 8, 2019, Plaintiff filed his Amended Complaint naming Carmine Marceno, in his Official Capacity as Sherriff of Lee County, Florida as the Defendant in this action.  *See* D.E. 17.

2.      On December 18, 2020, Plaintiff filed his Second Amended Complaint in order to conform the pleadings to the evidence.  *See* D.E. 122.  Plaintiff's Second Amended Complaint is the operative complaint in this matter.

3.      The original Complaint, Amended Complaint, and Second Amended Complaint all contained a single count for overtime compensation in violation of 29 U.S.C. § 207.  *See* D.E. 1; D.E. 17; D.E. 122.

4.      On March 29, 2019, the Parties engaged in a telephonic settlement conference pursuant to the Court's FLSA Scheduling Order.  However, due to the Parties vastly different view of the facts they were unable to reach settlement before engaging in formal discovery.

5.      The parties exchanged voluminous paper discovery and conducted five (5) depositions during discovery, and immediately preceding trial.[1]

6.      On March 11, 2020, after the majority of formal discovery was complete, the parties attended mediation with Denise Wheeler Wright, who is a certified mediator in this Court. The mediation impassed and the parties ultimately filed cross-motions for summary judgment.

---

[1] Defendant disclosed James Rankine for the first time in its submissions accompanying the Joint Pretrial Statement. Because James Rankine had not previously been disclosed the Court ordered Defendant to produce him for deposition on December 14, 2020, the day before trial commenced.

7.      On July 2, 2020, Defendant filed its "Case Dispositive Motion for Summary Judgment" arguing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law because the time that Plaintiff spent on-call was not compensable time.  *See* D.E. 46.  Plaintiff filed his response in opposition thereto arguing that all of on-call was compensable time because this was used primarily for the benefit of Defendant.  *See* D.E. 58.

8.      On September 4, 2020, Plaintiff filed his Motion for Summary Judgment, arguing that he was entitled to judgment as a matter of law regarding the compensability of on-call time and  overtime hours worked when Plaintiff responded to a call and other extra shift work while on-call that he was not permitted to record on his time sheet.  *See* D.E. 67. In making his arguments at summary judgment, Plaintiff took the position that either Plaintiff was entitled to summary judgment based on the undisputed facts, or, at the very least, disputed issues of fact precluded summary judgment for Defendant.  *See* D.E.s 58, 67.

9.      On October 5, 2020 this Court granted in part and denied in part Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment, finding that while all of the time that Plaintiff spent on-call was not compensable, there was a genuine issue of material fact as to whether Plaintiff received overtime pay for call outs and other time worked outside of the shifts listed on his time sheet.  *See* D.E. 72.

10.      The Court held that "[b]ecause there is a genuine dispute on both elements of Caiazza's overtime claim, summary judgment is improper."  *Id.*

11.      Following its Order resolving the parties' cross motions for summary judgment, the Court ordered the parties to participate in a settlement conference before the Honorable Magistrate Judge Mizell.

12.     Critically, throughout the litigation of this matter, Defendant indicated its steadfast refusal to make any offer based on a three (3) year statute of limitations or which credited, even in part, any contention that its claimed FLSA violations were willful and/or not committed in "good faith."   In other words, Defendant refused to make any offer based on a three (3) year statute of limitations, or which contemplated liquidated damages in whole or in part.

13.     Thereafter, Defendant submitted a draft "Joint" Pre-trial Statement on behalf of all parties, bearing the signature of Plaintiff's undersigned counsel, without Plaintiff's permission, with the explicit knowledge that it lacked the authority to do so.  *See* Email to the Court dated December 10, 2020, attached hereto as **Exhibit A**.

14.     Following the impasse, on December 11, 2020, this Court held the final pre-trial conference.  Because Defendant had submitted a non-final Pretrial Statement without Plaintiff's permission, the Court ordered counsel for the parties to remain at the Courthouse to complete the Joint Pretrial Statement.

15.     At the pretrial hearing, the Court again inquired about the possibility of settlement. Plaintiff's counsel advised the Court that they would be happy to reconvene settlement discussions with Defendant, but Defendant indicated that it would not engage in further settlement discussions.

16.     Thereafter, a four-day jury trial was held from December 15, 2020 through December 18, 2020.

17.     Ultimately, the jury found that Plaintiff worked more than 86 hours in a 14-day work period, that Defendant failed to pay plaintiff for all hours worked over 86 hours in a 14-day work period, that Defendant knew or reasonably should have known Plaintiff worked more than

86 hours in a 14-day work period, and that Defendant knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.  *See* D.E. 124. Thus, the jury awarded Plaintiff damages in the amount of $12,180.60, the full amount Plaintiff sought at trial.  *See id.*

18.     After the verdict was published, Plaintiff moved for liquidated damages based on the jury's finding of willfulness, which precluded a finding of "good faith" as a matter of law. For its part, Defendant refused to concede the issue and requested that the parties submit further briefing on the issue. .

19.     On December 22, 2020 Defendant filed its memorandum conceding that under Eleventh Circuit precedent, Plaintiff is entitled to an award of liquidated damages in the amount of $12,180.60.

20.     On December 29, 2020, the Court entered the Judgment as follows: "Judgment is entered in favor of Plaintiff, Joseph Caiazza, as to Count I of the Second Amended Complaint (Doc. 122) for damages in the amount of $12,180.60 for overtime compensation, for which sum let execution issue," and "Judgment is entered in favor of Plaintiff, Joseph Caiazza, for liquidated damages in the amount of $12,180.60, for which sum let execution issue."  *See* D.E. 128.

21.     As a result of undersigned's efforts, Plaintiff was awarded a total of $24,361.20, 100% of the unpaid overtime sought before the jury and in the motion for liquidated damages— and more than twice any amount Defendant offered in resolution of Plaintiff's claims exclusive of attorneys' fees at any point in this matter.  In other words, Plaintiff's recovery at trial more than doubled any amounts he would have received in any settlement offered by Defendant less than a month prior to trial

22.     By the instant Motion, Plaintiff seeks an award of his mandatory reasonable attorneys' fees and costs pursuant to the FLSA necessitated by Defendants' willful violations of

the FLSA.

## MEMORANDUM OF LAW

**A. Plaintiff is the Prevailing Party as He Secured Relief on His Claims and Thus, He is Entitled to Payment of His Attorneys' Fees and Costs.**

29 U.S.C. § 216(b) authorizes an award of attorney's fees to the prevailing plaintiff in any proceeding to enforce the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.   This was a proceeding to enforce the provisions of the FLSA.

A prevailing plaintiff's attorneys' fee is mandatory.   *See Weisel v. Singapore Joint Venture, Inc.,* 602 F 2d 1185 (5th Cir. 1979).  In order to have "finally prevailed," a party must have obtained either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources*, 532 U.S. 598, 607, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).  Plaintiff prevailed in this case as the Court entered Judgment in favor of Plaintiff on December 29, 2020.  *See* D.E. 128.

The Eleventh Circuit has explained that ". . . attorney fees are an ***integral part of the merits of FLSA cases and part of the relief sought therein***."  *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) (emphasis added).  The FLSA is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" *Johnston v. Spacefone Corp.,* 706 F.2d 1178, 1182 (11th Cir. 1983) (quoting *Mitchell v. Lublin, McGaughy & Assocs.,* 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959)).  Courts have long recognized that to achieve the remedial goal of the FLSA, attorney's fees must be awarded. Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal

representation for legitimate claims." *Odil v. Evans*, 2005 WL 3591962, at *3 (M.D. Ga. Dec. 30, 2005). The vast majority of FLSA claims deal with working class people who ordinarily would not have the financial resources to pay an attorney to pursue their overtime or minimum wage claims. This is especially true given that most FLSA claims do not involve significant amounts of money and often times the attorney's fees are more than the FLSA claim itself.

"Fee awards [ ] should not simply be proportionate to the results obtained by the Plaintiff." *James v. Walsh Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).[2] Moreover, as the Eleventh Circuit has recognized, "[t]he Supreme Court has instructed us that there is a 'strong

---

[2] "Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" *Tyo v. Lakeshore Hockey Arena, Inc.*, 2014 WL 2532447, at *7 (W.D.N.Y. June 5, 2014) (quoting *Sand v. Greenberg,* 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)). "The FLSA [is a] remedial statute[] . . . the purposes of which [is] served by adequately compensating attorneys who protect wage and hour rights." *Id.* (collecting cases); *see, e.g.*, *Magnuson v. Newman*, 2014 WL 3767006, at *1 (S.D.N.Y. July 31, 2014) ("Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA"); *Prasker v. Asia Five Eight LLC,* 2010 WL 476009, at *6 (S.D.N.Y. Jan.6, 2010) (same).

As many courts have recognized, "[g]iven the nature of claims under the FLSA and the remedial purpose of the Act, it is not uncommon that the attorneys' fees will exceed the amount recovered by the plaintiff." *Pyczynski v. Kirkland's Stores, Inc.*, 2008 WL 544864, at *5 (M.D. Fla. Feb. 26, 2008) (citing *James v. Wash Depot Holdings, Inc.,* 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007)); *Posner v. Showroom, Inc.*, 762 F.2d 1010, 1010 (6th Cir. 1985) ("[A]ttorney's fee awards should be calculated with reference to the factors of a reasonable rate and time reasonably expended as opposed to the dollar amount of relief obtained. If the rule were otherwise, then attorneys might not be willing to accept cases involving small monetary claims even though such cases implicate the important policies underlying the FLSA. Indeed, this court has upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages"); *Williams v. Hooah Sec. Servs. LLC*, 2012 WL 1022187, at *2 (W.D. Tenn. Mar. 26, 2012) ("[T]he amount of attorney's fees may exceed the amount of damages awarded to plaintiffs given the nature and purpose of the FLSA"); *Tyo v. Lakeshore Hockey Arena, Inc.*, 2014 WL 2532447, at *7 ("It is evidently this remedial purpose behind the FLSA . . . that sanctions the awarding of attorney's fees that exceed the amount recovered. Were it not for the statutory fee shifting, it is unlikely any attorney would accept an FLSA case where the award did not amount to a substantial sum.").

presumption' that the lodestar figure, without any adjustment, is the reasonable fee award." *Kenny A. ex rel. Winn v. Perdue*, 532 F.3d 1209, 1220 (11ᵗʰ Cir. 2008) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

**B.**   **Amount of Attorney's Fees and Costs.**

In order to calculate the fees that an attorney is entitled to, the Court employs the "lodestar method" and multiplies the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *See id.* Adjustments are to be made as necessary in the particular case.  *See Blum v. Stenson,* 465 U.S. 886, 888 (1984); *Kreager v. Solomon & Flannagan, P.A.,* 775 F.2d 1541 (11th Cir. 1985); *Hendrick v. Hercules, Inc.,* 658 F.2d 1088 (5th Cir. 1981).

In considering a fee under a lodestar calculation, courts look to twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[3]   The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

---

[3] In evaluating the *Johnson* factors, courts have recognized that attorneys employed at larger firms, with the requisite larger overhead and/or those that handle nationwide class/collective actions generally should be awarded higher hourly rates than those at smaller firms, handling individual plaintiff cases. *See Davis v. Footbridge Engineering Services, LLC,* 2011 WL 3678928, at *4 (D. Mass. Aug. 22, 2011); *LV v. New York City Dept. of Educ.,* 2010 WL 1244287, at *3 (S.D.N.Y. Mar. 31, 2010) (recognizing that the size of the law firm, "is one guidepost for the Court in assessing rates in a class action…"); *Heng Chan v. Sung Yue Tung Corp.*, 2007 WL 1373118, at *3 (S.D.N.Y. May 8, 2007) (Noting where Plaintiff prevailed on a FLSA claim that, "it is appropriate to award a relatively high hourly rate that reflects the institutional resources that made it possible for these attorneys to take on the case.").

client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See id.* at 717-19.; s*ee also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) (extensive discussion by the  Eleventh Circuit of the *Johnson* factors and awarding fees).

### C.    Application of the Johnson Factors.

Counsel for a prevailing plaintiff should be paid as is traditional with attorneys compensated by a fee paying client for all time reasonably expended on a matter and for all expenses forwarded on the plaintiff's behalf.   *See Blanchard v. Bergeron,* 489 U.S. 87, 91 (1989).  The party seeking attorneys' fees bears the burden of documenting the appropriate hours expended. *See Louisiana Power & Light Co.*, 50 F.3d at 324.

First, as to the time and labor required for this litigation, attached to this Motion is the itemized time report, Bill of Costs,[4] and the declarations of Andrew Frisch, Angeli Murthy, and Chanelle Ventura, in which the undersigned provides the Court with the requisite itemized statements of the time and labor expended on this case. ***See* Exhibits B, C, D, E, and F**, respectively.  The Declarations contain certification that the Declarants have fully reviewed the time records that are attached hereto as Exhibit B which are the supporting data for the Declarations, and that the hours claimed are well grounded in fact and justified.   The Declarations confirm the total hours incurred in litigating this case to date.   Time sheets confirming the same have been attached and the entries differentiate the legal work that was completed in this matter.   The total hours up to the filing of this Motion are 486.05 attorney hours and 84.2 paralegal hours totaling fees in the amount of $151,260.00.  *See* Exhibits B, D, E,

---

[4] Plaintiff's Bill of Costs contains an itemized cost summary.  *See* Exhibit C.  The $3,974.08 in other costs represent the $2,502.78 in travel expenses, $12.05 for postage, $1,122.00 in mediation costs, $12.25 for long-distance calls, and $325.00 for deposition costs.

F.[5] Moreover, Benjamin Yormak, a certified expert in labor and employment law by the Florida Bar has provided a Declaration affirming the reasonableness of the hourly rates claimed by Plaintiff's counsel and the hours expended in litigating this case to trial. *See* Declaration of Benjamin Yormak, attached hereto as **Exhibit G**. Additionally, Plaintiff incurred taxable costs and expenses in this matter in the amount of **$15,625.10**. *See* Exhibit C.

With respect to customary fees, Andrew Frisch typically bills anywhere between $350.00 per hour to over $500.00 per hour on FLSA matters, and attorney Angeli Murthy typically bills $450 to over $500.00 per hour in FLSA matters, depending on the market in which market a case is pending, and Chanelle Ventura typically bills anywhere between $250 per hour to $300 per hour on FLSA matters, depending on the market in which a case is pending. *See* Frisch Dec., ¶ 19; Murthy Dec. ¶¶8-9; Ventura Dec. ¶ 12. In determining the reasonable hourly rate, courts look to the reasonable hourly rate for attorneys of a similar caliber practicing in the community. *See Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir.1993); *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir.2002); *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 586 F.Supp.2d 732, 756 (S.D. Tex. 2008). When an attorney's requested rate is the customary billing rate and within the range of prevailing market rates, the court should consider the rate *prima facie* reasonable if not contested. *See Louisiana Power & Light,* 50 F.3d at 328. As noted below, case law regarding recent fee awards in FLSA cases generally, and regarding Andrew Frisch and Angeli Murthy specifically, support a fee award at a rate of at least $450.00 hour for Mr. Frisch and Ms. Murthy and $275 per hour for Ms. Ventura.

### D.    Recent Fee Orders in this District.

In recent decisions within this Circuit, other courts have held that a reasonable hourly rate

---

[5] Plaintiff's counsel has not billed for the time associated with the preparation of this Motion in exercising billing discretion. However, Plaintiff's counsel reserves the right to seek additional attorneys' fees to the extent Defendant engages in additional motion practice.

for attorneys with the skill and experience of attorneys such as Andrew Frisch and Angeli Murthy at or greater than $450 per hour, and attorneys with similar skill and experience as Chanelle Ventura should recover a reasonable hourly rate of $275 per hour. *See, e.g., Chester v. LNR Enterprise, LLC, et al.,* 4:18-cv-00076, D.E. 17 (N.D. Ga. Dec. 26, 2018) (finding Attorney Frisch's reasonable hour rate to be $450/hour); *see also Warren v. Clearview Networks, LLC,* 1:17-cv-04373-TWT, D.E. 28 (N.D. Ga. Nov. 7, 2018) (awarding Attorney Frisch sanctions at an hourly rate of $450/hour); *see also Ismail v. Plantation Key Operating Company, LLC,* Case 4:18-cv-10062-KMM, D.E. 40 (S.D. Fla. Feb. 1, 2019) (finding hourly rate of $450 to be reasonable for Attorney Frisch); *Pena v. RDI, LLC*, 2019 WL 3017574, at *3 (M.D. Fla. July 10, 2019) (holding that Angeli Murthy's hourly rate of $425 per hour reasonable and awarding $91,343.25 in attorney's fees); *Gordon v. Double Eagle of Sarasota, Inc. et al*., No. 8:16-cv-2561-EAK-AEP, Doc. 42 (M.D. Fla. June 21, 2019) (awarding Morgan and Morgan attorney, with 24 years of experience, a rate of $425 per hour in an FLSA case); *Lockwood v. CIS Servs., LLC*, No. 3:16-CV-965-J-39PDB, 2019 WL 2226126, at *23 (M.D. Fla. May 3, 2019), *report and recommendation adopted*, 2019 WL 3383628 (M.D. Fla. June 13, 2019); *Yasmin v. Triple T II, Inc*., 2020 WL 418874, at *5 (M.D. Fla. Jan. 27, 2020) (finding a $275 hourly rate for an attorney of similar skill and experience to that of attorney Ventura to be reasonable); *Davis v. D&G Erectors Corp*., 2019 WL 3383547, at *4 (M.D. Fla. May 29, 2019) (same). Indeed, another Court in this Division awarded an hourly rate of $500 to an attorney in an FLSA matter. *Carruega v. Steve's Painting, Inc*., 2017 WL 3387228 at *3 (M.D. Fla. Aug. 7, 2017) (Mirando, J.) (awarding attorney fees at an hourly rate of $500 per hour in FLSA case to an experienced attorney in connect with a successful motion to compel). Consistent with these decisions, as well as those referenced in counsels' affidavits, Plaintiff respectfully submits that Andrew Frisch and Angeli Murthy's reasonable hourly rate is at least $450.00 per hour for their work on this case

and Chanelle Ventura's reasonable hourly rate is at least $275.00 per hour.

Likewise, the requested rate of $100 per hour for paralegal time incurred is consistent with the decisional law of courts within the Middle District of Florida. *Drayton v. Avia Premier Care, LLC*., 2019 WL 2450933, at *3 (M.D. Fla. May 2, 2019), *report and recommendation adopted*, 2019 WL 2492098 (M.D. Fla. June 14, 2019) (rate of $100 per hour reasonable in light of paralegal work in the market being billed at a rate between $75 and $125 per hour (and higher)); *see also Gettes v. Carroll wood Village Exec. Ctr., LLC*, 2016 WL 6782779, at *2 (M.D. Fla. Oct. 28, 2016), *report and recommendation adopted*, 2016 WL 6729750 (M.D. Fla. Nov. 15, 2016); *Sanchez v. M&F, LLC*, 2020 WL 6106094, at *6 (M.D. Fla. June 17, 2020), *report and recommendation adopted*, 2020 WL 4671144 (M.D. Fla. Aug. 12, 2020) ($150.00 per hour); *Garcia v. Pajeoly Corp*., 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, No. 18-CV-23399-CIV, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020) ($150.00 per hour).

E.      **Additional Johnson Factors.**

1.      **Preclusion of Other Work.**

While the undersigned counsel are fortunate of having as much work as desired, the time spent litigating the case at hand precluded counsel, specifically Andrew Frisch and Chanelle Ventura, from spending that time with other clients, in many instances larger class action cases. This is especially true in light of the document heavy nature of this case.

2.  **The Amount Involved and the Results Obtained.**[6]

---

[6] Because this was an individual case and a not collective action claim, the non-monetary effects should also be considered. *See Hidle v. Geneva Cty. Bd. of Educ.*, 681 F. Supp. 752, 755 (M.D. Ala. 1988) ("[A]lthough this was not a class action, the results obtained by Hidle's attorneys should discourage employment discrimination in the Geneva County School System, if not in a broader area, in the future."), citing *City of Riverside v. Rivera*, 477 U.S. 561, 577–79, 106 S.Ct. 2686, 2696, 91 L.Ed.2d 466 (1986).

With respect to the results obtained, Plaintiff's counsel was successful in obtaining a recovery equal to 100% of the overtime damages sought by Plaintiff at trial. Moreover, because the jury found a willful violation, and the Court subsequently awarded liquidated damages in full to Plaintiff, undersigned's effort resulted in an award of more than twice the amount of Defendant's last and final offer.

Further, as discussed above, because this is a case involving a remedial federal statute with a mandatory fee-shifting provision, the "amount involved" *Johnson* factor has limited, if any, relevance here. *See M.H. Fox, et al.*, Case Nos. 4:99-CV-1612-VEH, 4:06-CV-4676-VEH, and 4:06-CV-4677 (awarding $775,172.41 in three consolidated FLSA cases involving three plaintiffs who collectively recovered a total of $4,937.20 in wages and liquidated damages); s*ee also Perrin v. John B. Webb & Associates, Inc.*, 2005 WL 2465022 (M.D. Fla. Oct. 6, 2005) (awarding $7,446.00 in fees in case where Plaintiff recovered $270.00 and recognizing that "in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time."). In the *M.H. Fox* cases cited above, Judge Hopkins reasoned that such award was appropriate in her opinion because "[the defendant] furiously litigated each of these cases, thereby causing a substantial increase in the hours reasonably spent on the matter," and that the plaintiffs should not be penalized for the defendant's extensive defense. *Id.,* Doc. 819 at 46-7. As stated by the dissent in *Hensley,* 461 U.S. at 449, "no fee is reasonable unless it would be adequate to induce other attorneys to represent similarly situated clients seeking relief comparable to that obtained in the case at hand." Whether the Court elects to focus on the amount in controversy or the result achieved however, this factor supports Plaintiff's request.

Plaintiff anticipates that Defendant will attempt to argue that because Plaintiff only recovered a portion of the amount that he originally claimed, that the attorneys' fees incurred on litigating the case to trial on Plaintiff's behalf should be significantly reduced. However, this

alone is not a reason for an across the board reduction in attorneys' fees. *Satterfield v. CFI Sales & Mktg., Inc.*, 2013 WL 2455961, at *7 (M.D. Fla. June 6, 2013) (Where plaintiffs originally sought six figures in damages and ultimately recovered much less, the court held "[t]o the extent Defendants seek an across-the-board reduction in Plaintiffs' fee request for "limited" success, such a reduction is not appropriate here.").  Moreover, the damages that Plaintiff was awarded at trial are more than 200% of the maximum amount offered by Defendant less than a month before trial commenced.  Furthermore, whereas Defendant's final offer was inclusive of attorneys' fees and costs, because Plaintiff prevailed at trial, he will be awarded attorneys' fees and costs in addition, further enhancing Plaintiff's recovery relative to Defendant's "last and best" offer.[7] .

### 3. Contingent Nature of Fees.[8]

Here, Plaintiff's counsel has pursued this case on a purely contingent basis.  As a result, the undersigned have assumed the risk of non-payment since the inception of representation.  This factor too, gravitates in favor of an award of the full lodestar requested. *Briggins v. Elwood*

---

[7] Even if Defendant had offered a larger amount than Plaintiff recovered at trial, which it did not here, same does not warrant a reduction in attorney's fees for Plaintiff's counsel. *See Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1325-26 (M.D. Fla. 2001) (offer of judgment and offer for settlement more than recovery at trial does not preclude recovery of attorney's fees subsequent to rejection of offer).

[8] Recognizing the importance of attorneys willing to handle employment cases on a full contingency, the Eleventh Circuit has explained:

> Vindication of the policy of the law depends to a significant degree on the willingness of highly skilled attorneys, such as those now before the court, to accept employment in [labor and employment] cases on a wholly contingent basis. They will hardly be willing to do so if their potential compensation is limited to the hourly rate to which they would be entitled in noncontingent employment. Busy and successful attorneys simply could not afford to accept contingent employment if those were the rules that were applied. The enforcement of our civil rights acts would then be entrusted largely to less capable and less successful lawyers who lack sufficient employment. Such an arrangement would ill serve policies of enormous national importance.

*Yates v. Mobile Cty. Pers. Bd.,* 719 F.2d 1530, 1534 (11th Cir. 1983).

14

*TRI, Inc.,* 3 F. Supp. 3d 1277, 1296 (N.D. Ala. 2014) ("The contingent nature of the fee and the delay in payment, if anything, argue for an enhancement…"); *see also Pennsylvania v. Delaware Valley Citizens Council for Clean Air* ("*Delaware Valley II* "), 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (plurality of the Supreme Court held that attorney's fees may be enhanced if there is a risk of non-recovery of a fee in the case).

### 4.   <u>Other Expenses Can Be Reimbursed As Attorneys' Fees</u>

Plaintiff has incurred $15,625.10 in costs and expenses in litigating this case to trial.  *See* Exhibit C.  Other costs that are not included on the Bill of Costs total $3,974.08 and are itemized in Exhibit C.  These costs include travel expenses, postage, mediation costs, long-distance telephone calls, and the costs for a deposition for which a transcript was not ordered.   See Exhibit C.  It is well settled that these expenses are recoverable as attorneys' fees.  *See <u>Wales v. Jack M. Berry, Inc.</u>,* 192 F. Supp. 2d 1313, 1329 (M.D. Fla. 2001) (holding reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are recoverable under the FLSA as part of an attorneys' fee award); *Lockwood v. CIS Servs., LLC*, 2019 WL 2226126, at *22 (M.D. Fla. May 3, 2019), *report and recommendation adopted*, , 2019 WL 3383628 (M.D. Fla. June 13, 2019) (holding that attorney expenses for airfare, lodging, potage, delivery, and mediation are recoverable pursuant to § 216 (b)).  Therefore, Plaintiff is entitled to an award of $15,625.10.

### <u>CONCLUSION</u>

Plaintiff recovered one hundred (100%) of his overtime damages sought at trial, and only did so as a result of his attorneys' zealous advocacy in this case, in litigating this case through trial and beyond.  In addition, Plaintiff recovered an equal amount as liquidated damage, which Defendant was insistent it would never agree to pay in any settlement.  Throughout the pendency

of the case, Plaintiff's counsel protected his rights and ensured that he would receive an adequate recovery under the law.  Indeed, it was only as a result of Plaintiff's counsel's zealous efforts that Plaintiff achieved the result obtained.  Respectfully, Plaintiff's counsel submits that he should be reimbursed for his reasonable attorneys' fees and costs/expenses for so doing.

WHEREFORE, Plaintiff respectfully requests that the Court award him reasonable attorneys' fees in the amount of **$151,260.00**, as well as costs in the amount of **$15,625.10**.

Dated:  January 12, 2021.                                      Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
FBN: 027777
Chanelle J. Ventura
FBN: 1002876
Angeli Murthy
FBN: 88758
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile:  (954) 327-3013
Email: AFrisch@forthepeople.com
Email: Cventura@forthepeople.com
Email: Amurthy@forthepeople.com

Counsel for Plaintiff

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g) for the Middle District of Florida, the undersigned counsel for the Plaintiff conferred with Defendant's counsel regarding the relief sought by Plaintiff in the instant Motion. Defendant's counsel requested additional information in order to state its position. Plaintiff's counsel provided Defendant's counsel with the information requested, however despite several attempts by Plaintiff's counsel to follow up with regard to Defendant's position, Defendant's counsel has not provided same.  Therefore, this Motion should be considered opposed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this **12th** day of January, 2021, which I understand will send a notice of same to counsel of record for Defendant..

**/s/ ANDREW R. FRISCH**
Andrew R. Frisch