# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH CAIAZZA, on his own
behalf and those similarly situated

    Plaintiff,

v.

CARMINE MARCENO, in his
Official Capacity as Sheriff of Lee
County, Florida,

    Defendant.
_____/

Case No. 2:18-cv-00784-SPC-MRM

**DECLARATION OF ANDREW R. FRISCH**

I, Andrew R. Frisch, declare under 28 U.S.C. § 1746 as follows:

1. My name is ANDREW R. FRISCH. I am over the age of eighteen (18) and competent to testify as to the matters stated herein.

2. I am the managing partner of Morgan & Morgan, P.A.'s ("M&M") office in Plantation, Florida. Along with my partner, C. Ryan Morgan, I am in charge of the firm's nationwide class/collective action employment practice.

3. M&M is a national firm, with over 700 attorneys, that represents plaintiffs in a wide variety of employment matters including individual and collective/class action litigation involving wage and hour claims.

4. As an attorney for M&M, I am responsible for prosecuting, as lead counsel, federal and state labor and employment claims, including claims arising under Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), the Florida Civil Rights Act, the Fair Labor Standards Act

1

("FLSA"), and various parallel state and local municipal wage and hour laws, among others.

5.  M&M is the largest Plaintiff-side law firm in the United States.

6.  I was/am lead counsel in the matter of *Caiazza v. Carmine Marceno,* Case No. 2:18-cv-00784-SPC-MRM.  Along with Chanelle Ventura and Angeli Murthy, I undertook Plaintiff's representation in this case to pursue his claims for unpaid overtime and related damages.

7.  M&M undertook this representation on a purely contingent basis and dedicated significant resources to the case.  Moreover, because our firm has finite resources, our acceptance of this case precluded me/us from accepting other wage and hour class/collective actions. Neither our firm, nor the individual attorneys have received compensation for the services we have rendered in this case to date, from any source.

### Counsel's Background and Experience

8.  I completed my undergraduate studies at the University of Michigan (Ann Arbor), where I obtained a Bachelor of Arts (1997), and served as an assistant to the Honorable Lynn Rivers, then the Congressperson from Ann Arbor in the United States House of Representatives.  After my graduation from the University of Michigan, I attended law school at the Benjamin N. Cardozo School of Law in New York, where I graduated in the top of my class and earned a Juris Doctor degree (2000).  While in law school, I served as a student law clerk for the Honorable Denis R. Hurley of the Eastern District of New York, and received numerous scholastic honors.

9.  I was admitted to the bars of the State of New York and New Jersey in

2001, the bar of the State of Florida in 2006, and the bar of the State of Georgia in 2012. Additionally, I am admitted to the bars of the Third, Fifth, Sixth, and Eleventh Circuit Court of Appeals and Middle, Northern and Southern Districts of Florida, Eastern, Northern, and Southern Districts of New York, District of New Jersey, Court of Federal Claims, Northern and Southern Districts of Texas, District of Colorado, Eastern and Western Districts of Tennessee, Middle and Northern Districts of Georgia, Northern District of Illinois, and Eastern District of Michigan. I am a member in good standing of each of these bars.

10. I have been practicing law since January 2001, have successfully handled hundreds of FLSA collective action cases (in multiple states and venues), and prior to coming to Morgan & Morgan, P.A., I managed the Wage and Hour Department at Rosenthal & Levy, P.A. in West Palm Beach, Florida for over a year.

11. I have served or am serving as lead counsel in Wage and Hour Class/Collective Actions in the Middle, Northern and Southern District of Florida, Southern District of Texas, Eastern and Southern Districts of New York, District of New Jersey, Eastern District of North Carolina, Southern and Northern Districts of Mississippi, Eastern, Middle and Western Districts of Tennessee, Southern District of Ohio, Northern and Middle Districts of Georgia, District of Colorado, District of Oregon, and the Court of Federal Claims. *See, e.g., Bath v. Red Vision Systems, Inc.*, 2014 WL 2436100 (D.N.J. May 29, 2014); *Thompson v. Direct General Consumer Products, Inc.*, 2014 WL 884494 (M.D. Tenn. March 5, 2014) (nationwide class of insurance agents); *Palma v. MetroPCS Wireless, Inc.*, 2013 WL 6597079 (M.D. Fla. Dec. 16, 2013) (nationwide class of account service representatives); *White v. NTC*

3

*Transp., Inc.*, 2013 WL 5874566 (N.D. Miss. Oct. 31, 2013); *Cooper v. East Coast Assemblers, Inc.*, 2013 WL 308880 (S.D. Fla. Jan. 25, 2013)(certifying nationwide class of "assemblers" regarding unpaid overtime claims); *Young v. Dollar Tree Stores, Inc.*, 1:11-cv-01840-REB-MJW, D.E. 264 (D. Colo. Aug. 24, 2012)(conditionally certifying a nationwide class of over 35,000 "assistant store managers" pursuing off-the-clock claims); *Hardesty v. Litton's Market and Restaurant, Inc.*, 2012 WL 6046743 (E.D. Tenn. Sept. 28, 2012) (class of tipped servers alleging tip credit violations); *Toure v. Amerigroup Corp.*, 2012 WL 1432302, (E.D.N.Y. April 20, 2012); *Elliott v. Amspec Services, LLC*, 2011 WL 6002019 (D.N.J. Nov. 29, 2011)(certifying nationwide class of "oil, gas and chemical inspectors"); *Mainor v. Lazer Spot, Inc.,* 2011 U.S. Dist. LEXIS 151990, at *8 (N.D. Ga. Aug. 9, 2011)(nationwide class of yard jockeys); *Dacar v. Saybolt, LP*, 4:11-cv-00433, D.E. 135 (S.D. Tex. June 2, 2011); *Aponte v. Comprehensive Health Management, Inc.*, 2011 WL 2207586 (S.D.N.Y. June 2, 2011); *Alvarez v. Gold Belt, LLC*, 2011 WL 1337457 (D.N.J. Apr. 7, 2011); *Mills v. RM International, Inc.*, 3:11-cv-00129, D.E. 38 (D. Or. March 31, 2011)(conditionally certifying nationwide class of "test drivers"); *Reyes v. AT & T Corp.*, 2011 WL 3517004 (S.D. Fla. Feb. 28, 2011)(conditionally certifying a nationwide class of "retail account executives"); *Brantley v. Inspectorate America Corp.,* 4:09-cv-02439, D.E. 43 (S.D. Tex. April 14, 2010); *Gayle v. United States,* 85 Fed. Cl. 72 (2008).

12. Additionally, I have repeatedly been held to be adequate class counsel in claims arising under various state wage and hour laws and in other class actions. *See, e.g., Gibbs v. Centerplate, Inc.,* 2018 WL 4760789, at *1 (M.D. Fla. July 23, 2018); *Fosbrink*

*v. Area Wide Protective, Inc.,* 325 F.R.D. 474, 483 (M.D. Fla. 2018); *Graham v. Pyramid Healthcare Sols., Inc.,* 2017 WL 2799928, at *8 (M.D. Fla. June 28, 2017); *Shaw v. Set Enterprises, Inc.,* 2017 WL 2954675, at *3 (S.D. Fla. June 30, 2017) ("Frisch, M&M, Morgan, ARL, Gallagher, and JBG, have significant experience in litigating and settling wage and hour class and collective actions."); *Escort v. Princeton Info.,* 2017 U.S. Dist. LEXIS 47853, at *6 (S.D.N.Y. March 30, 2017) ("Based upon the investigations done by Mr. Frisch in this case, and his previous work as class counsel in similar cases, I conclude that he meets the requirements of Rule 23(g)."); *Encarnacion v. J.W. Lee, Inc.,* No. 14-CIV-61927, D.E. 65 (S.D. Fla. June 30, 2015); *Pierre-Val v. Buccaneers Ltd. P'ship,* 2015 WL 3776918, at *4 (M.D. Fla. June 17, 2015) (appointing Frisch and Morgan & Morgan as class counsel in Florida minimum wage class action); *Seghroughni v. Advantus Restaurant, Inc.*, 2015 WL 390329, at *2 (M.D. Fla. Jan. 28, 2015) (same); *Deleon v. Wells Fargo, N.A.,* 1:12-cv-04494-RLE, D.E. 39 (S.D.N.Y. Jan. 12, 2015) (appointing Frisch and M&M as class counsel in NYLL class action); *Reyes v. AT&T Mobility Services, LLC,* 1:10-cv-20837-MGC, D.E. 191 (S.D. Fla. Dec. 20, 2012) (appointing Frisch as class counsel); *Toure v. Amerigroup Corp.*, 2012 WL 3240461, at *5 (E.D.N.Y. August 6, 2012) ("Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law."); *Aponte v. Comprehensive Health Management, Inc.*, 2011 WL 2207586, at *12 (S.D.N.Y. June 2, 2011) (finding that Frisch and Morgan & Morgan "are qualified, experienced, and capable of acting as lead counsel" in wage and hour class actions).

13. I have also tried close to two dozen jury trials in the state and federal courts of Florida, Georgia, Kentucky, and New York, as well as over one hundred final administrative hearings in multiple states and venues.

14. Additionally, I have handled numerous cases as appellate counsel in administrative proceedings, as well as in state and federal court proceedings.

15. I am a member of the National Employment Lawyers Association ("NELA"). I am also an active member of various trial lawyer organizations, including the Florida Justice Association ("FJA"), the Palm Beach County Justice Association ("PBCJA"), the Broward County Justice Association ("BCJA") and the New York State Trial Lawyers Association ("NYSTLA").

16. Further, I have published multiple articles on Wage and Hour subjects in different periodicals. I am also author/publisher of the "Overtime Law Blog" website http://flsaovertimelaw.com, a site devoted to recent developments in FLSA and Wage and Hour jurisprudence.

17. Given my expertise in wage and hour law, I am frequently asked to present to groups of attorneys and/or paralegals at speaking engagements. *See, e.g.*, Lecturer, "Overtime and Fair Labor Standards Act," Palm Beach County Chapter of Paralegal Association of Florida, Inc., May 9, 2007; also Lecturer, "Title VII of the Civil Rights Act of 1964; Age Discrimination in Employment Act (ADEA); Older Workers Benefits Protection Act (OWBPA); Florida Whistleblowers Act," Florida Workers' Advocates**,** FWA's 17th Annual Education Conference, June 9, 2007; Lecturer, "Best Strategies for Handling Fair Labor Standards Act (FLSA) Litigation by the Plaintiff and

Defendant," Florida Bar Labor and Employment Section, Advanced Labor Topics 2012, April 14, 2012; Lecturer, "Calculating Damages Under the FLSA to Maximize Your Claims," Practice Made Perfect's Wage & Hour Seminar, February 7, 2013.

## Attorney's Fees and Litigation Cost

18. Plaintiff's counsel has incurred $166,885.1 in attorneys' fees and costs/expenses to date in this matter.

19. M&M invested over 486 hours as of the date of the date of this Motion. M&M seeks the following rates for the attorneys who worked on this matter:

> $450.00 for Lead counsel Andrew R. Frisch. Mr. Frisch is co-managing partner of M&M's Employee Rights Group and has twenty years of experience in complex federal class and collective action litigation and is highly experienced in wage and hour litigation.
>
> $450.00 for Angeli Murthy. Ms. Murthy is a partner in M&M, is Board Certified as an Employment/Labor Lawyer by the Florida Bar, has 16 years of experience in complex federal class and collective action litigation and is highly experienced in wage and hour litigation.
>
> $275.00 for Chanelle Ventura. Ms. Ventura is an associate attorney at M&M. She has over three years of experience handling primarily wage and hour litigation and has litigated dozens of wage and hour cases. She has participated in two jury trials and conducted a final arbitration hearing as lead counsel and has assisted on multiple appeals at the Eleventh Circuit Court of Appeals.
>
> $100.00 for Jamie Winninger. Ms. Winninger is a Paralegal at M&M. She has nine years of experience, is highly skilled, and routinely supports Mr. Frisch and Ms. Ventura in complex wage and hour cases.

20. In the exercise of billing discretion, M&M has elected not to seek reimbursement for dozens of hours pertaining to time spent on emails and phone calls, and is not seeking payment for the hours worked by attorney Jolie Pavlos.

21. Removing such hours, Plaintiff's lodestar to date is $151,260.00. *See* Fee Ledger, attached as to Plaintiff's Motion as **Exhibit B**.

22. In addition to the attorney time incurred, M&M has expended $15,256.10 to date in the successful prosecution of this matter. *See* Bill of Costs attached as **Exhibit C**.

23. All of the time and expenses incurred were necessarily incurred to achieve the significant result obtained.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 12th day of January, 2021
Plantation, Florida

/s/ **ANDREW R. FRISCH**
Andrew R. Frisch
Morgan & Morgan, P.A.
8581 Peters Road, Suite 4000
Plantation, FL 33324
Telephone:   (954) WORKERS
Facsimile:   (954) 327-3013
Email: afrisch@forthepeople.com

*Attorney for Plaintiff*

8