# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JOSEPH CAIAZZA, on his own
behalf and those similarly situated

      Plaintiff,

v.                                           Case No: 2:18-cv-784-SPC-MRM

CARMINE MARCENO,

      Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Carmine Marceno's Motion to Seal (Doc. 135) and Plaintiff Joseph Caiazza's response in opposition (Doc. 138). Marceno wants to seal the briefing on Caiazza's motion for attorney's fees because they discuss positions the parties took during mediation and a settlement conference. The Court denies the Motion.

Marceno does not point to any statute, rule, or order authorizing filing under seal. So new Local Rule 1.11(c) (old Local Rule 1.09(a)) governs.[2] Among other things, a motion to seal must identify and describe each item for sealing,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Where relevant, the Local Rules are nearly identical.

why sealing is necessary, and why some means other than sealing is unsatisfactory. Local Rule 1.11(c).

While the Court may permit filings under seal, it presumes proceedings and filings should be open to the public. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (per curiam). To rebut that presumption, Marceno must show good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). That inquiry asks the Court to balance "the asserted right of access against the other party's interest in keeping the information confidential." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). In doing so, the Court looks at "the nature and character of the information in question." *Id.* at 1315.

After review of the briefing and relevant law, the Court finds Marceno failed to meet his burden to show his interest outweighs the public's. Specifically, the Court does not believe the disclosures in Caiazza's motion warrant sealing the document. Nor has Marceno described the information he believes necessary to respond and why it must be filed under seal. It appears the dispute simply revolves around settlement offer amounts and Marceno's position on willful violations (one that's all over the public docket). But the Court does not see how Marceno's general interest in keeping that information private outweighs the public's right to access the materials on this docket.

With the Motion denied, one final point is worth mentioning. The Court is all too familiar with this case. Most recently, the Court read seven pages of an e-mail chain and three pages of a brief to try to figure out if a Rule 3.01(g) conference happened. That's where we're at. Of course, this is not the first time this case wound up in a he-said-she-said standoff. Perhaps naively, the Court expects the rest of this case to proceed civilly and efficiently. And while it might fall on deaf ears, the Court directs counsel on each side to review certain words they all uttered at some point:

To opposing parties and their counsel, I pledge fairness, integrity, and civility, not only in court, but also in all written and oral communications. Oath of Admission to The Florida Bar.[3] The Florida Bar does not believe those words are empty. Nor does this Court.

Accordingly, it is now **ORDERED:**

Defendant's Motion for an Expedited Order Sealing All Briefing Relating to Plaintiff's Motion for Reasonable Attorneys' Fees and Costs (Doc. 135) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 5, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] This pledge was added in 2011, so maybe not everyone said those words. *In re Fla. Bar*, 73 So. 3d 149 (Fla. 2011). But they're still held to them.