## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOSEPH CAIAZZA,

      Plaintiff,

v.                               Case No: 2:18-cv-784-SPC-MRM

CARMINE MARCENO,

      Defendant.

_____/

## <u>OPINION AND ORDER</u>[1]

      Before the Court is Defendant Carmine Marceno's Motion for Attorney's Fees (Doc. 130) and Plaintiff Joseph Caiazza's Response in Opposition (Doc. 143). Also here is Marceno's Motion for Partial Costs and Expenses (Doc. 131) and Caiazza's Amended Response in Opposition (Doc. 142). Finally, under review is Caiazza's Motion for Reasonable Attorney's Fees and Costs/Expenses (Doc. 132), Marceno's Response in Opposition (Doc. 140), Caiazza's Reply (Doc. 146), and Marceno's Surreply (Doc. 147). Related to those filings, the Court already denied a motion to seal. (Doc. 139).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case.  Caiazza brought a one-count Complaint for overtime violations.  (Doc. 122).  By summary judgment, there were two distinct theories of overtime liability—compensable on-call wait time and a de facto policy that prevented Caiazza from reporting any overtime.  The Court granted Marceno summary judgment on the former, denied it on the latter, and the case went to trial.  At trial, a jury found for Caiazza, awarding him $12,180.60 in unpaid overtime wages.  Before the verdict, however, the Court granted Marceno judgment as a matter of law on a defense to some overtime hours (the 207k exemption).  Later, the Court entered judgment for Caiazza with equal liquidated damages.[2]  (Doc. 128).

## DISCUSSION

The Court takes each Motion in turn.

### A.  Marceno's Fees Motion

First, Marceno moves for attorney's fees.  Marceno seeks fees as a sanction under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 26(g), along with prevailing party fees.  The Court finds relief is not proper on either of those bases.

---

[2] The time to appeal the merits passed.  Fed. R. App. P. 4(a).  The Court's later corrected judgment (Doc. 134) to fix a clerical error under Rule 60(a) did not change the deadline for filing a notice of appeal.  Even if it did, an appeal would be untimely anyway.  *Vasconcelo v. Mia. Auto Max, Inc.*, 981 F.3d 934, 939-40 (11th Cir. 2020).

*1. § 1927 Sanctions*

A court may hold a lawyer personally liable for fees and costs if they "unreasonably and vexatiously" multiply the proceedings. 28 U.S.C. § 1927. This occurs "when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). That standard is objective. *Id.* at 1241. And § 1927 sanctions apply "where an attorney knowingly *or recklessly* pursues a frivolous claim." *Id.* (citation omitted). Such a sanction, however, is strong medicine used sparingly. *See Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382 (5th Cir. 1979). At bottom, "Something more than a lack of merit is required for § 1927 sanctions or they would be due in every case." *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001).

This is not a sanctions case. As the Court said before, the 207(k) exemption was clear and never should have been disputed at trial. But Caiazza is correct that this is not a circumstance where counsel "unreasonably and vexatiously" multiplied proceedings. Importantly, Marceno is not without blame. He could have moved for summary judgment on the matter but did not do so. This left the exemption for trial. *See Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 805-06 (11th Cir. 1992). Marceno addressed it through a motion in limine, trying to preclude Caiazza from offering evidence on a forty-hour workweek based on a judicial estoppel theory. But the Court ruled a motion in

3

limine was an improper vehicle to rule whether a party met their burden to establish the 207(k) exemption and any inconsistencies were better addressed by a jury after cross examination.

What's more, this issue was always interconnected with the overtime dispute even if it only concerned part of the damages equation. So the Court does not believe, as Marceno contends, there is a nexus between a 207(k) work period and *all fees* incurred since August 6, 2020. To be sure, Caiazza stipulating to the issue might have streamlined some evidence at trial and perhaps facilitated settlement. Even so, the Court cannot say this decision to put the opposing party through his paces to prove the 207(k) exemption was an act amounting to bad faith. The Court finds Marceno's success on the 207(k) issue is more appropriately below addressed as a reduction to Caiazza's fees rather than a § 1927 sanction.[3]

## 2. *Discovery Sanctions*

The Rules require parties to sign discovery filings and certify certain things (e.g., filings are correct, complete, and not for improper purposes). Fed. R. Civ. P. 26(g)(1). Under Rule 26(g)(3), a court must impose sanctions if a party's certification violates Rule 26(g)(1) "without substantial justification."

---

[3] "An attorney under the threat of § 1927 sanctions is entitled to an evidentiary hearing" before a court imposes those sanctions. *Hudson v. Int'l Comput. Negot., Inc.*, 499 F.3d 1252, 1260-61 (11th Cir. 2007). Because the Court holds sanctions are inappropriate based on the briefing alone, no hearing is necessary.

This provision "*only* authorizes sanctions traceable to specific discovery abuses." *Amlong*, 500 F.3d at 1238.

To start, this request is untimely. *See Sure Fill & Seal, Inc. v. GFF, Inc.*, No. 8:08-CV-882-T-17TGW, 2010 WL 3063287, at *10 (M.D. Fla. July 6, 2010), *report & recommendation adopted*, 2010 WL 3125593 (Aug. 4, 2010). Though a motion could not be filed by the end of discovery, one should have been filed around the time of any perceived violation. So relief is denied on that basis.

Leaving that aside, the Court separately finds attorney's fees are inappropriate. Marceno contends there is no substantial justification for discovery discrepancies related to Caiazza's damages estimate. Caiazza mostly relies on the same explanation he gave a few months ago. Even if the Court assumes there were no substantial justification, however, an earlier evidentiary ruling amounted to a sanction. Addressing alarming inconsistencies in Caiazza's discovery filings, the Court permitted Marceno to introduce that evidence at trial. (Doc. 107 at 6-10). Although Caiazza did not sign two interrogatories, the Court allowed their introduction. If any sanction was warranted, it was enough to allow the presentation of a plaintiff's shifting damages calculations to a jury tasked with deciding that plaintiff's damages— a decision based largely on his credibility. The Court does not find any further sanction necessary under the circumstances. While a sanction under Rule 26(g)(3) is mandatory, a sanction awarding fees is not. Fed. R. Civ. P. 26(g)(3)

("The sanction *may* include an order to pay the reasonable expenses, including attorney's fees." (emphasis added)).  And the fees awarded must be "caused by the violation." *Id.*  Except the filing of this Motion, there is no indication what Marceno's expenses and fees related to any violation may have been.  Again, however, the Court does not find fees appropriate here even if Marceno provided the necessary information to fashion that award.

Finally, Marceno asks the Court to impose sanctions based on its inherent authority to control the proceedings.  This Court has that power. *Martin v. Auto. Lamorghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002).  Yet to do so, the Court "must find that the party acted in bad faith." *Id.* As stated above, the Court does not find bad faith.

### 3. *Rule 54 Fees*

Finally, Marceno seeks prevailing party attorney's fees.  Rule 54(d)(2) did not displace the traditional American Rule.  *See Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 252-53 (2010).  So to get attorney's fees, something other than victory must call for them (like a statute or contract). *Id.* Under the FLSA, a prevailing defendant may get fees under limited circumstances like when a plaintiff sues in bad faith. *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 932 (11th Cir. 2013) (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998)).  Bad faith presents a high bar. *E.g.*, *Aiyekusibe v. Hertz Corp.*, No. 2:18-cv-816-FtM-38MRM, 2020 WL

814000, at *1 (M.D. Fla. Feb. 19, 2020). Again, the Court does not find bad faith. And as mentioned above, Marceno's victories on substantive issues are better addressed through reductions to Caiazza's fees.

## B. Marceno's Costs Motion

Next, Marceno moves for prevailing party costs. According to the Rule, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Courts strongly presume a prevailing party gets their costs. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2016).

"A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claims." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). So typically "the litigant in whose favor judgment is rendered is the prevailing party for the purposes of rule 54(d)." *Id.* "Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001).

Here, the jury entered a verdict for Caiazza on the overtime claim, awarding him over $12,000 in unpaid wages. So he is the prevailing party as far as Rule 54(d) is concerned even after losses on several substantial issues. *E.g.*, *id.*; *see also Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 973 (11th Cir. 2016). Marceno, therefore, is not entitled to prevailing party costs.

**C.  Caiazza's Motion**

Finally, Caiazza moves for attorney's fees and costs as the prevailing party.  Marceno objects on several grounds.  The Motion is granted and denied in part.

For FLSA cases, courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  "Prevailing FLSA plaintiffs are 'automatically entitled to attorneys' fees and costs.'"  *P&K Rests. Enter., LLC v. Jackson*, 758 F. App'x 844, 847 (11th Cir. 2019) (quoting *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007)).  "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017).  The resulting "number is called the lodestar."  *Id.*  This result "*roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).  The fee-seeking party "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

*1. Hourly Rate*

To start, the Court must decide a reasonable rate, which "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The relevant market is "the place where the case is filed." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). Here, that market is the Middle District of Florida, Fort Myers Division. The applicant can meet her "burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1317 (M.D. Fla. 2001). Yet courts can rely on their own expertise and judgment to assess the value of services. *Id.*

Caiazza requests two different hourly rates: $450 for Andrew Frisch and Angeli Murthy along with $275 for Chanelle Ventura. Marceno seeks to limit Frisch and Murthy's rate to $300 and Ventura's to $200.

In Fort Myers FLSA cases, experienced lawyers usually earn anywhere from $275 to $375. *E.g., Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*, No. 2:17-cv-292-FtM-38MRM, 2019 WL 2078730, at *2 (M.D. Fla. Apr. 23, 2019), *report & recommendation adopted*, 2019 WL 2076453 (May 10, 2019). Awards of $350 for FLSA cases litigated by experienced employment attorneys are not uncommon. *See Isaac v. Classic Cleaners of Pelican Landing, Inc.*, No. 2:16-cv-171-FtM-29CM, 2017 WL 632510, at *1-2 (M.D. Fla. Feb. 16, 2017)

(awarding Murthy $350 for an FLSA case). This case presented few, if any, complex issues. Most of the litigation headaches stemmed from counsel being unable to work with one another. That is not a fact the Court finds relevant to awarding a higher fee than the prevailing rate. And while the case went to trial, it was always a straightforward FLSA overtime dispute. The case was even less complicated after summary judgment, when Murthy entered an appearance.

To be sure, Frisch and Murthy point to several cases around the Eleventh Circuit where they garnered a higher rate. (Doc. 132 at 11-12). Most are not from the relevant market—Fort Myers. So what counsel may have charged in other States, Districts, or Divisions is not controlling.[4] While they point to one case from Fort Myers where a magistrate judge awarded $500 in fees, the Court is unpersuaded. *See Carruega v. Steve's Painting, Inc.*, No. 2:16-cv-715-FtM-29CM, 2017 WL 3387228, at *1 (M.D. Fla. Aug. 7, 2017). That case is a clear outlier in this Division. It was an award for fees as a sanction related to a motion to compel when counsel refused to conduct discovery. The fees sanction was unopposed. No district judge ever reviewed it. And those fees went to an experienced local lawyer who has unsuccessfully tried to get that amount ever since. His most recent failure was a few weeks ago. *Trejo v.*

---

[4] In every Middle District case cited, the higher reasonable rates were either unopposed or stipulated. Here, the reasonable rate is heavily disputed.

*GMZ Masonry & Concrete, Inc.*, No. 2:20-cv-104-SPC-NPM (Doc. 18) (M.D. Fla. Feb. 17, 2021) (holding "a $500 per hour fee is excessive for the Ft. Myers area" in an FLSA case and awarding a "rate of $350 per hour"). Except for that outlier, neither counsel nor the Court found a single instance in which a lawyer in Fort Myers earned anything approaching $450 as a "reasonable fee." An affidavit from a local employment attorney does not change the Court's opinion. Except for the conclusory statement that $450 is reasonable, nothing suggests this is the prevailing market rate.

While the Court finds $450 is too high, it simultaneously finds the $300 rate Marceno seeks too low. Frisch and Murthy are experienced and capable employment attorneys. They took this case on a contingent basis, and it ended in a four-day trial. Considering all the circumstances, including this Court's expertise and judgment on reasonable fees in similar cases, the Court finds a $350 rate is appropriate for Frisch and Murthy.

Next, a reduction of Ventura's fee is necessary to reach a reasonable rate. The Court finds $225 is a reasonable rate for an associate with Ventura's experience litigating this type of case in Fort Myers. At this point, Ventura has been licensed for three and a half years. During litigation, she had even less experience. And she provides nothing to persuade the Court her rate is reasonable in this area at that level of experience. Like above, Ventura points to one case from West Palm where she received a $275 rate and two cases from

Tampa that awarded $275 to an attorney with unexplained "similar skill and experience." (Doc. 132 at 11). Those were unopposed fee requests. And again, the relevant market is Fort Myers.

As Judge Steele recently noted, the reasonable rates for attorneys in bigger cities around Florida are higher. *Doe v. Jenner*, No. 2:18-cv-683-FtM-29MRM, 2019 WL 4051964, at *2 (M.D. Fla. Aug. 28, 2019) (noting "the Tampa and Orlando Divisions generally have higher hourly rates"). Sometimes, the Court will apply the higher rates of nearby cities like Tampa. *E.g.*, *North Pointe Ins. v. City Wide Plumbing, Inc.*, No. 2:13-cv-30-FtM-29DNF, 2014 WL 3540645, at *4 (M.D. Fla. July 17, 2014). But to do so, the fee applicant must show a lack of local attorneys willing and able to take the case. *Id.* Ventura does not try to make that showing. Nor could she. There are many Fort Myers lawyers who could have tried this case, including the one whose affidavit is offered in support. Even in Tampa, the reasonable rate for a lawyer with Ventura's experience is likely only $250. *E.g.*, *Drayton v. Avia Premier Care, LLC*, No. 8:18-cv-2125-T-35SPF, 2019 WL 2450933, at *2 (M.D. Fla. May 2, 2019), *report & recommendation adopted*, 2019 WL 2492098 (June 14, 2019) (granting $250 to attorney admitted in 2017); *Rhattigan v. Sloppy Seconds III LLC*, No. 8:20-cv-2472-T-33SPF, 2021 WL 920609, at *3 (M.D. Fla. Jan. 26, 2021), *report & recommendation adopted*, 2021 WL 568037 (Feb. 16, 2021) (granting $250 to attorney with five years of experience).

Considering all the above, along with the Court's nearly twenty years presiding over FLSA cases on the federal bench in Fort Myers, the Court finds $275 too high a fee and $200 too low. The reasonable rate for Ventura is $225.

### 2. *Hours Worked*

Having determined the relevant rates, the Court turns to the number of hours sought. Courts must ensure "excessive, redundant or otherwise unnecessary" hours are excluded from a fee award. *Norman*, 836 F.2d at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). What's more, "in determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis *or* it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (emphasis added).

Based on the arguments presented and independent review of the time sheets, the Court finds the number of hours billed by Caiazza's attorneys reasonable, so it is unnecessary to reduce the number of hours. Yet the Court finds all billed paralegal hours are unrecoverable and excluded from the lodestar.

First, the parties dispute reasonableness of billed attorney hours. Mostly, Marceno contends a reduction is necessary for time spent on discrete

13

and unsuccessful claims.  The Court agrees with Marceno it would be improper to award fees for time spent litigating the rejected on-call theory.  Yet Caiazza is correct it would be impossible (in this case) to identify time spent on each theory given how they proceeded through discovery together under the auspices of a single overtime claim.  To be sure, Marceno points to a couple of entries related to Caiazza's motion for reconsideration, which mostly concerned the failed on-call theory.  Even that motion, however, addressed the de facto policy issue in part.  (Doc. 74 at 8-9).  Similarly, other entries Marceno highlights as related to reconsideration or the 207(k) exemption concerned many other matters too.  One instance, drafting a response to Marceno's motion in limine, led to Caiazza's ability to introduce his personal timesheets, which was likely central to his ultimate recovery.  Put another way, the Court cannot reasonably determine how many hours were dedicated solely to the on-call theory.

Nor have the parties clarified what an appropriate reduction would be. Marceno seeks to exclude *all* hours before the summary judgment Order.  But this would necessarily include many hours spent litigating the theory on which Caiazza prevailed.   While Marceno challenges several other specific time entries, those are either paralegal fees (addressed below) or billed hours the

Court does not find unreasonable.[5]  It is Caiazza's job to establish entitlement to fees.  At the same time though, "objections concerning hours should be 'specific and reasonably precise.'"  *P&K*, 758 F. App'x at 850-51 (quoting *Barnes*, 168 F.3d at 428).  Without other specific objections, the Court will not emulate "green-eyeshade accountants" hunting for time entries to cut.  *See Fox v. Vice*, 563 U.S. 826, 838 (2011).  The goal is simply "to do rough justice, not to achieve auditing perfection."  *Id.*  So even though there are other arguably excessive hours—like having three lawyers try a simple FLSA overtime case—the Court does not find the hours excessive on this record.

Because the attorney hours billed are reasonable, the Court will address Caiazza's lack of success as a reduction to the lodestar below instead of a line-by-line or across-the-board reduction of hours.  *See Popham v. City of Kennesaw*, 820 F.2d 1570, 1581 (11th Cir. 1987) (*Hensley* "explicitly stated that a court could simply reduce the award to account for the plaintiff's limited success instead of eliminating hours specifically expended on unsuccessful claims.").  Buttressing this approach is the fact it avoids any chance of improper double counting.  *See Bivins*, 548 F.3d at 1352.

---

[5] Ventura disclaimed two duplicate entries.

Paralegal fees, however, are another matter. Given the glaring deficiencies in the request for those fees, the Court awards Caiazza nothing for that category.

In the Eleventh Circuit, "efforts of a paralegal are recoverable 'only to the extent that the paralegal performs work traditionally done by an attorney.'" *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (quoting *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)). "Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses." *Id.* "In other words, work that is clerical or secretarial in nature is not separately recoverable." *Id.*

To start, Caiazza's original time sheet lacked any reference to hours the paralegal spent on this case. (Doc. 132-2). Because it is Caiazza's burden to establish entitlement to fees by providing sufficient documentation—and he failed to do so—paralegal fees are denied. *E.g.*, *Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). While Caiazza sought to provide new time sheets alongside his reply brief, the effort falls short. The Court never granted Caiazza leave to do so. Based on counsel's representations to the Court, Caiazza filed a reply brief "to address and distinguish Defendant's case law, legal arguments, and to address Defendant's misrepresentations regarding the Parties' settlement negotiations." (Doc. 144 at 2). Caiazza never disclosed that

part of the reason he wanted to file a reply was to correct fatal deficiencies in his time sheets.  No matter the reason for this error, a reply brief is not the place to make new requests for relief nor was Marceno's three-page surreply sufficient to address the newly disclosed evidence.  Simply put, the Court cannot excuse the most recent in a long line of sloppy filings when it works such a significant prejudice to Marceno.

Separately, even if the Court overlooked that matter, the time sheet offered for the first time in reply is insufficient.  A vast majority of the time Caiazza seeks to recover is clerical.  Specifically, a paralegal spent sixty hours on these tasks: "Preparation of Trial Exhibits, Filing Exhibit Lists, Making Copies, Assembling Binders for Trial . . . Created, Organized, and sent Plaintiff's Final Trial Exhibits electronic binder for Judge via One Drive link to Courtroom Deputy via e-mail.  (Doc. 146-1 at 6-7).  These are not the types of tasks typically performed by an attorney.  So that time is not recoverable.  *Knight v. Paul & Ron Enters., Inc.*, No. 8:13-cv-310-T-36EAJ, 2015 WL 2401504, at *8 (M.D. Fla. May 19, 2015) (denying fees for clerical hours "spent calendaring deadlines, handling scheduling issues, gathering documents, and preparing trial binders and exhibits").[6]

---

[6] *Plum Creek Tech., LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3317897, at *4 (M.D. Fla. June 3, 2020), *report & recommendation adopted*, 2020 WL 3288033 (June 18, 2020); *Strickland v. Air Rescue Air Conditioning, Inc.*, No. 8:15-cv-1017-T-23AEP, 2016 WL 11581971, at *4 (M.D. Fla. Aug. 25, 2016), *report & recommendation adopted*, 2016 WL

Of the remaining fees that might be recoverable, several entries were obviously inflated.  Most surprisingly, the paralegal billed five hours for this: "Sent OneDrive Link to [opposing counsel] with Plaintiff's Exhibit List, and Plaintiff's Trial Exhibits 1-81."  (Doc. 146-1 at 5).  Unless the paralegal wrote down the URL and drove it from Fort Lauderdale to Tampa, the Court wonders how it could take five hours for such a task.  And if the entry is mislabeled and included preparing the exhibit list and exhibits, those fees are clerical and unrecoverable.  Likewise, there was one hour billed to draft a two-page, form, and *unopposed* motion for extension of time to respond to summary judgment.  (Doc. 146-1 at 3).  Billed in the same block was time spent apparently drafting a proposed order on the motion—which was never filed and improper under the Court's procedures anyway.  What's more, many other entries were unexplained.  For instance, shortly before summary judgment, the paralegal spent eight hours reviewing time sheets and creating a "breakdown of days worked by Plaintiff when scheduled" for a required day off on Marceno's time sheets.  (Doc. 146-1 at 3).  The purpose of this billing is unclear.  And Caiazza does not show this was work traditionally done by an attorney.  *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical

11581970 (Sept. 12, 2016); *Grigoli v. Scott Cochrane Inc.*, No. 8:14-cv-844-T-23EAJ, 2015 WL 4529032, at *7-8 (M.D. Fla. July 27, 2015).

18

work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers.").

At bottom, even if the Court considered the new time sheet, most hours are unrecoverable. And on the others, Caiazza failed to carry his burden to show entitlement. So no paralegal fees are awarded.

Having determined the reasonable hourly rate and time reasonably expended, the Court can calculate the lodestar:

> **Frisch:** $350 per hour x 123.85 hours = $43,347.5
> **Murthy:** $350 per hour x 60.9 hours = $21,315
> **Ventura:** $225 per hour x 213.1 hours = $47,947.5
> _____
> **Lodestar Total:** $112,610

*3. Adjustment*

The lodestar is "a presumptively reasonable fee." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017). Even so, a court can adjust the lodestar up or down. *Hensley*, 461 U.S. at 434. One reason for a reduction—"the most critical factor"—"is the degree of success obtained." *Id.* at 436. When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* "What constitutes partial success is determined on a case-by-case basis." *Bivins*, 548 F.3d at 1351 n.3.

Here, a sixty percent reduction is appropriate based on Caiazza's limited success.

Caiazza only pled a single overtime claim.  Yet there were distinct theories he relied on.  And there was a clear winner on each theory—Caiazza won on the de facto policy theory and Marceno won on the on-call wait time theory.  What's also clear is the on-call theory was a more significant victory (both in terms of dollars and FLSA violations).  Taking those hours into account, Caiazza originally estimated his damages at $305,876.28 in unpaid wages (plus an equal sum of liquidated damages) and fifty-six unpaid overtime hours each week for over two years.  (Doc. 23 at 2).  After losing the on-call argument at summary judgment, Caiazza's damages and hours fell dramatically.  In the end, Caiazza sought and received $12,180.60 from the jury (plus equal liquidated damages from the Court), which was roughly 250 unpaid overtime hours.

Caiazza says over and over that he received everything he wanted from the jury.  This is a misnomer.  To start, it is anyone's best guess what Caiazza sought when trial started.  Out of nowhere during his testimony, Caiazza disclaimed nearly a year worth of overtime he had been claiming throughout the litigation.  And later counsel submitted the $12,180.60 figure to the jury.  But Caiazza's damages were shifting so much in pretrial filings it was impossible to know for sure what he valued the claim at until closing

arguments. In the month before trial, Caiazza's disclosures suggested damages ranging anywhere from less than he recovered to more than triple the verdict.[7] And in the Final Pretrial Statement, Caiazza claimed damages of $33,524.64 (unliquidated). (Doc. 112 at 4).

Even leaving that aside, Caiazza mistakenly believes this inquiry is limited to the amount he asked the jury to award. Not so. "A reduction is appropriate if the relief, however, significant, is limited in comparison to the scope of the litigation as a whole." *Norman*, 836 F.2d at 1302. "Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Id.* When "compensatory damages constitute the primary relief sought and become the only relief obtained, a court is not beyond its discretion in considering the damages awarded as a relevant factor." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1307-08 (11th Cir. 2001). "A comparison of damages sought to the damages received is an appropriate measurement of the relative success of litigation." *Ziplocal*, 846 F.3d at 1164.

Here, the total damages Caiazza recovered ($24,361.20) paled in comparison to what he sought before the summary judgment loss

---

[7] *See* (Doc. 91-2 at 9-11; Doc. 88-2 (estimating damages at $11,538.54 on November 13)); (Doc. 91-2 at 13-16; Doc. 88-3 (estimating damages at $39,328.10 on November 17)); (Doc. 91-2 at 17-20; Doc. 88-1 (estimating damages at $33,524.64 on November 23)). All amounts exclude liquidated damages.

($611,752.56).  In all, he received about four percent of what the suit set out to recover.  Also eating into a chunk of Caiazza's claimed hours was Marceno's success on the 207k exemption.  As noted, Caiazza recovered around 250 unpaid overtime hours.  Without the 207k exemption, Caiazza would have recovered a few more overtime hours every two weeks for the entire relevant period.  When comparing the results to the litigation as a whole, it is clear Caiazza's success was limited.

As stated, this is not just a dollars-and-cents comparison.  Apart from damages, Caiazza sued (in part) to vindicate his belief Marceno had an oppressive on-call policy—requiring officers to work consecutive twenty-four-hour shifts, endangering them, and preventing them from living normal lives.  In fact, that's what this case was mostly about before summary judgment.  Yet that contention failed as a matter of law.  The Court cannot turn a blind eye to Caiazza's losses.  This would not only result in an unreasonable fee, but it would also ignore reality and pretend this litigation accomplished everything it sought out to do.  That was not the case.

Nor does any public benefit compel a different result.  There is an important public benefit when the FLSA is successfully enforced.  *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 805-06 (11th Cir. 2020).  Like *Popham*, however, this "lawsuit did not result in specific, identifiable benefits to non-parties."  820 F.2d at 1581.  This action concerned the unique work

schedules of deputies on the Islands.  And the only other deputy on the Islands who might have benefitted from the case specifically testified he was properly compensated for any overtime.  What's more, while Caiazza obtained a verdict finding Marceno knew or should have known about his overtime violations, Marceno secured a ruling the Islands' on-call policies do not implicate FLSA compensable time.

To be clear, this reduction has nothing to do with proportionality.  *See, e.g.*, *City of Riverside v. Rivera*, 477 U.S. 561 (1986) (rejecting a proportionality argument on a fee award under 42 U.S.C. § 1988).  Given the nature of FLSA cases, courts (including this one) sometimes award disproportionately high fees.  Yet it not often that an FLSA plaintiff both wins an overtime claim, while also losing it so significantly.  So there must be a reduction to reflect the losses Caiazza suffered during this litigation.

At bottom, the Court finds a lodestar reduction is necessary given Caiazza's limited victory.  And the Court agrees with Marceno that a sixty percent reduction is reasonable to account for the limited and partial success to the litigation as a whole.  *See, e.g.*, *Vasconcelo*, 981 F.3d at 940-42 (reducing lodestar in FLSA case by sixty-three percent); *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (reducing lodestar in FLSA case by seventy-five percent); *Popham*, 820 F.2d at 1578-81 (reducing

lodestar in § 1988 case by sixty-seven percent).  Given the reduction, the Court awards Caiazza $45,044 in attorney's fees.

### 5. Costs

Finally, Caiazza seeks prevailing party costs.  As stated above, "costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  Allowable costs are those identified in 28 U.S.C. §§ 1821 and 1920.  *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877-78 (2019).

"When challenging whether costs are properly taxable, the burden lies with the challenging party."  *McCall v. Bright House Networks, LLC*, No. 6:18-cv-1670-Orl-22DCI, 2020 WL 888603, at *2 (M.D. Fla. Feb. 7, 2020), *report & recommendation adopted*, 2020 WL 886626 (Feb. 24, 2020).  But "the party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs."  *Id.*  "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs."  *Id.*

Again, Caiazza failed to provide sufficient documentation with his original bill of costs (Doc. 132-3) and attempted an unauthorized amendment through his reply brief (Doc. 146-2).  Given the mechanical nature of awarding costs and lack of meaningful change in the identified charges, however, the

Court considers the amended bill to the extent that it did not prejudice Marceno's ability to oppose costs.   The six requested cost categories are addressed in turn.

First, the $400 filing fee is taxable under § 1920(1).

Second, fees for service of summonses and subpoenas may be taxed but cannot exceed $65 (which the Marshal charges for in-person service).   *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); 28 C.F.R. § 0.114. Several service charges exceeded $65, apparently for unrecoverable rush service.   *Blowbar, Inc. v. Blow Bar Salon Inc.*, No. 8:13-cv-1430-T-17EAJ, 2013 WL 6244531, at *6 (M.D. Fla. Dec. 3, 2013).   After reduction for those excessive amounts, Caiazza can recover $315 in service costs.

Third, transcript fees are recoverable under § 1920(2) if they are necessary for use in the case.   Most of the depositions were obviously necessary and offered in support of summary judgment.   *See W&O*, 213 F.3d at 620-21. Yet it is unclear whether the deposition of Annmarie Reno was necessary.   And since Caiazza only identified this deposition in reply, Marceno lacked an adequate opportunity to rebut the request.   Nor does Caiazza even attempt to explain why this transcript was necessary.   So costs of that deposition are not taxed.   While Caiazza did not include the rushed deposition of James Rankine in his original bill, the Court finds that failure justified given the late

deposition and explanation he just received the invoice.[8]  He thus may recover those costs.  The Court also corrects an error in Caiazza's calculation (his deposition was for $502.75).[9]  So the Court awards Caiazza a reduced amount of $1,852.34 in transcript costs.

Fourth, printing costs are allowed by § 1920(3).  Yet Caiazza provides no explanation in either bill what these printing costs were for, the number of pages printed, or the cost per page.  Without any explanation to entitlement or any way to determine reasonableness, the Court cannot tax these costs.  *See, e.g.*, *Crespo Rivero v. Carolina Godoy*, No. 18-23087-Civ-COOKE/GOODMAN, 2019 WL 1178472, at *4 (S.D. Fla. Feb. 26, 2019), *report & recommendation adopted*, 2019 WL 2245416 (Apr. 11, 2019).

Fifth, exemplification and copying costs are taxable under § 1920(4) if necessary "for use in the case."  Costs under this provision are for things like "copying of discovery, pleadings, correspondence, exhibits, and documents provided to opposing counsel and the court."  *McNamara v. Gov't Emps. Ins.*, No. 8:17-cv-3060-T-23CPT, 2020 WL 8224619, at *3 (M.D. Fla. Oct. 26, 2020), *report & recommendation adopted*, 2020 WL 8224606 (Nov. 13, 2020).  Because Caiazza can recover for exemplification and copying of exhibits used at trial,

---

[8] The Court will not award the unexplained "Finance Charges/Debits" for $76.21 from the invoice.  (Doc. 146-2 at 23).

[9] Any late payment by Caiazza cannot be passed onto Marceno.

and the now-disclosed invoice supports the request, the Court will tax these costs.  That said, the invoice reflects $400 for an unrecoverable delivery fee.  *E.g.*, *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015) ("Courier and postage fees are also not recoverable under § 1920.").  So Caiazza can recover $7,093.96 in exemplification and copying costs.

And sixth, Caiazza seeks "other costs" for various items.[10]  Caiazza seeks postage, which is unrecoverable.  *Id.*  He also wants long-distance phone call charges and attorney travel expenses.  Again, those are not allowed.  *See* 28 U.S.C. § 1920.[11]  Caiazza seeks to recover for time a court reporter sat in on certain depositions, which he was apparently charged because he did not order transcripts at the time.  Caiazza provides no other explanation and does not point to any basis for entitlement.  So the Court does not tax those costs.  Finally, mediation costs are not allowed by statute, but they are permissible by Court Order.  (Doc. 31 at 13 ("Upon motion of the prevailing party, the

---

[10] To the extent that Caiazza seeks to recover these items as attorney's fees, he made no effort to establish the requisite showing.  *See Lockwood v. CIS Servs., LLC*, No. 3:16-cv-965-J-39PDB, 2019 WL 2226126, at *21-23 (M.D. Fla. May 3, 2019), *report & recommendation adopted*, 2019 WL 3383628 (June 13, 2019).  Caiazza provides neither argument nor documentation to show these expenses were reasonable or charged as a prevailing practice in Fort Myers.

[11] The Eleventh Circuit suggested in passing such fees are recoverable, but many courts explained why such logic is neither controlling nor persuasive.  *E.g.*, *Kemberling v. MetLife Life & Annuity Co. of Conn.*, No. 8:06-cv-1741-T-23MAP, 2008 WL 2609402, at *1-2 (M.D. Fla. June 30, 2008).  Even if such costs were allowed, Caiazza failed to provide anything supporting their reasonableness.

party's share may be taxed as costs in this action."). So the Court taxes Caiazza's mediation share of $1,122.

In all, the Court awards Caiazza $10,783.30 in costs.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion for Attorney's Fees (Doc. 130) is **DENIED**.

(2) Defendant's Motion for Partial Costs and Expenses (Doc. 131) is **DENIED**.

(3) Plaintiff's Motion for Reasonable Attorney's Fees and Costs/Expenses (Doc. 132) is **GRANTED in part**.

   a. Plaintiff is **AWARDED** attorney's fees **in the amount of $45,044**, for which sum let execution issue.

   b. Plaintiff is **AWARDED** costs **in the amount of $10,783.30**, for which sum let execution issue.

   c. The Clerk is **DIRECTED** to enter a separate judgment in favor of Plaintiff and against Defendant on attorney's fees and costs.

(4) The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 29, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record